Arthur **ARENSON**, individually and as Executor of the Estate of Sol Arenson, Deceased, and on behalf of a class, Plaintiff,

v.

**WHITEHALL CONVALESCENT AND NURSING HOME, INC. and Paul Mulder, and Armand Thomas, Defendants.**

No. 94 C 2508.

United States District Court, N.D. Illinois, Eastern Division.

May 31, 1995.

---

Aram A. Hartunian and Steven P. Schneck, Futterman & Howard, Chtd., Chicago, IL, for plaintiff.

Algimantas P. Kezelis, Margaret R. Wolot, French, Kezelis & Kominiarek, P.C., and Howard M. Hoffmann and Donald R. Lorenzen, Holleb & Coff, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Defendants, Whitehall Convalescent and Nursing Home, Inc., have filed a Motion to Reconsider the portion of the Court's Memorandum Opinion and Order of March 27, 1995, granting Plaintiffs' Motion to Compel. The issue in this Motion is whether the Court may compel the production of documents listing the names and prescription drugs taken by non-party patients at Whitehall. These documents are vital to the prosecution of this case because the information contained in them is necessary "to identify the class members for purposes of notice and to ferret out the data that will determine whether Plaintiff's [factual] allegations are correct" (e.g., whether defendants' prices were fraudulent for the prescription drugs ordered and resold to Whitehall patients) (Pl. Response at 2). Given the significant probative value of this information, the Court concluded in the Memorandum Opinion that the use of a protective order with redaction of patient names would be sufficient to protect the non-party patient's privacy interests and confidentiality. After careful review, the Court has again concluded that the balance of interests weigh in favor of production. Therefore, the Motion to Reconsider is DENIED.

# 357

## LEGAL STANDARDS

As is the case for a motion to alter or amend a judgment under Rule 59(e), a motion for reconsideration brought under Rule 60(b) is not at the disposal of parties who want to "rehash" old arguments. *In re Oil Spill by Amoco Cadiz*, 794 F.Supp. 261, 267 (N.D.Ill.1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993); *Quaker Alloy Casting v. Gulfco Indus. Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). Rather, Rule 60(b) authorizes a Court to grant relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or other misconduct of an adverse party; and (4) when the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. FED.R.CIV.P. 60(b). Motions brought pursuant to Rule 60(b), "must be shaped by [these] specific grounds for modification or reversal ... they cannot be general pleas for relief." *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir.1992). Rule 60(b) relief " 'is an extraordinary remedy and is granted only in exceptional circumstances.' " *Harold Washington Party v. Cook County, Illinois Democratic Party*, 984 F.2d 875, 879 (7th Cir.1993) (quoting *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir.1984)); *see also Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir.1986) ("[R]elief under Rule 60(b) is warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust"). Additionally, it bears repeating that the Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting v. Gulfco Indus. Inc.*, 123 F.R.D. at 288.

## ANALYSIS

Defendants seek reconsideration on the basis that:

disclosing and producing the requested documents and information of the residents at Whitehall would be contrary to the case law, and would be a violation of the Nursing Home Care Act and an extension of the physician-patient privilege.

(Def. Motion at 2). Although Defendants' Motion essentially seeks to rehash old arguments, the Court will briefly address each of the three allegations asserted.

■ The Court's subject matter jurisdiction in this case is premised upon a federal statute, namely, the Racketeer and Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.;* Illinois law does not apply in this case. Consequently, Illinois' "physician-patient privilege" also does not apply, since federal common law does not provide for this privilege. *See Hancock v. Dodson*, 958 F.2d 1367, 1373 (6th Cir.1992); *United States v. Moore*, 970 F.2d 48, 50 (5th Cir.1992). Defendants concede as much in their Reply Memorandum and argue that, "while there is no physician patient privilege in federal court, the federal courts have recognized the privacy rights of patients." (Reply at 2).

■ The Nursing Home Care Act, 210 ILCS 45/2–105, is the legal basis upon which Defendants' assert the privacy rights of its patients. The Act specifically grants to patients' privacy rights in their entire "medical and personal care program." Defendants argue that "[e]vidence of drug treatment is ... part of [a] patient's protected 'program.' " (Reply at 2). Defendants then rely on several cases together with the Act to support their argument that the privacy interests of the patients at Whitehall will be jeopardized if the Court compels the production of documents listing the names and prescription drugs taken by these non-party patients. *See generally Doe v. United States*, 711 F.2d 1187 (2d Cir.1983) (court rejected doctor's assertion of physician-patient privilege in federal court, recognized use of redaction to protect confidentiality and rejected use of redaction in that case); *Eli Lilly & Co., Prozac Products Liability Litigation*, 142 F.R.D. 454 (S.D.Ind.1992) (defendant did not seek to resist production of documents, but

merely wanted certain portions of those documents redacted to protect confidentiality). These cases do not support Defendants' contention that the privacy rights of Whitehall's non-party patients would be threatened by redaction of their names. Rather, these cases support the Court's ruling.

Federal Rule of Civil Procedure ("Rule") 26(c), which Plaintiff invokes for the purpose of obtaining the production of documents, provides:

> **Protective Orders.** Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,
>
> ....

FED.R.CIV.P. 26(c).

Rule 26(c) gives the district court broad discretion in fashioning protective orders. *See Deitchman v. E.R. Squibb & Sons,* 740 F.2d 556, 566 (7th Cir.1984). Nonetheless, "the federal courts have superimposed a somewhat demanding balancing of interests approach to the Rule." *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545 (11th Cir. 1985) (collecting cases). This standard was described in a Seventh Circuit case as follows:

> A motion under Rule 26(c) to limit discovery requires the district judge to compare the hardship to the party against whom discovery is sought, if discovery is denied. He must consider the nature of the hardship as well as its magnitude, and thus give more weight to interests that have a distinctly social value than to purely private interests; and he must consider the possibility of reconciling the competing interests through a carefully crafted protective order.

*Marrese v. American Academy of Orthopaedic Surgeons,* 726 F.2d 1150, 1159 (7th

Cir.1984), *rev'd on other grounds,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985).

In other words, Rule 26 requires a Court to balance the privacy interests in the information asserted by one party with the probative value of that information to the other party. When the probative value of the information is significant, and the privacy interests in the material can be protected by redaction, there is a presumption in favor of discovery. *See generally Eli Lilly & Company, Prozac Products Liability Litigation,* 142 F.R.D. 454 (S.D.Ind.1992) (performing a balancing test on need for disclosure as opposed to need for confidentiality and redacting names to protect privacy interests). The balance struck by this Court in its Memorandum Opinion favored discovery because the probative value of the documents was significant and the privacy interests asserted can be sufficiently protected. Without the relevant documents, plaintiff would not be able to prosecute its case against defendants. With redaction of the patients' names, defendants can ensure that the public is not aware that certain individuals are taking particular medications, thereby minimizing the risk that a patient's illness will be discovered. Despite defendants' complaint that redaction of names replaced by codes or numbers "would be overly burdensome to Whitehall" further briefing by defendants has failed to persuade the Court that its initial decision was erroneous.[1] Consequently, the Motion to Reconsider is denied. Defendants' request for Leave to Appeal pursuant to 28 U.S.C. § 1292(b) is also denied.

## CONCLUSION

The Clerk of the Court is directed to DENY Defendants' Motion to Reconsider or In the Alternative For Leave To Appeal. Plaintiffs' Motion for Class Certification will be due twenty-one (21) days after the records which are the subject of this Opinion are produced. This case will be set for status on

---

1. Defendants concede that "[t]here is no question there is a mark up.... on the medications." (Motion at 5). This concession does not obviate the need for the documents, as defendants assert. Moreover, the Court is not convinced that the redaction of patient names will be insufficient to protect against a breach of confidentiality by one of the attorneys in this case. Each attorney in this case is an officer of the court; any breach of confidentiality will be remedied if it occurs and will not result in the kind of injury to the patients which defendants forsee.

June 22, 1995, at 9:00 a.m. to discuss further proceedings in this case.