Carolyn JEFFERSON, on behalf of herself and all others similarly situated, Plaintiff,

v.

SECURITY PACIFIC FINANCIAL SERVICES, INC., Defendant.

No. 94 C 3476.

United States District Court, N.D. Illinois, Eastern Division.

June 12, 1995.

---

Daniel A. Edelman, Cathleen M. Combs, Tara Leigh Goodwin, James Eric Vander Arend, Michelle Ann Weinberg, and O. Randolph Bragg, Edelman & Combs, Chicago, IL, and Charles M. Baird, Law Offices of Charles M. Baird, Miami Beach, FL, for Carolyn Jefferson.

William E. Deitrick, Lynne M. Raimondo, and Karen Ann Hagnell, Mayer, Brown & Platt, Chicago, IL, for Security Pacific Financial Services, Inc.

## MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

Plaintiff Carolyn Jefferson ("Jefferson") has filed a Motion to Reconsider the Court's Memorandum Opinion and Order ("Opinion") of April 13, 1995, denying Jefferson's Motion for Class Certification pursuant to Federal Rule of Civil Procedure ("Rule") 23. After reviewing our Opinion and the parties' briefs, the Court concludes that the denial of certification is appropriate under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1635(b), and the case law interpreting this statute.

## LEGAL STANDARDS

 Although motions for reconsideration are not specifically authorized by the Federal Rules of Civil Procedure, the Seventh Circuit and this district apply Rule 59(e) standards to these motions. *See Sutliff, Inc. v. Donovan Cos., Inc.*, 727 F.2d 648, 652 (7th Cir.1984); *see also, Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 n. 9 (N.D.Ill.1988).

The Seventh Circuit has repeatedly cautioned that:

> Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. Such motions cannot in any case be employed as a vehicle to introduce new evidence that could have been adduced during pendency of the summary judgment motion. The nonmovant has an affirmative duty to come forward to meet a properly supported motion for summary judgment.... Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.

*Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.1987) (quoting, *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665–66 (N.D.Ill.1982), *aff'd*, 736 F.2d 388 (7th Cir.1984)); *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985). More recently, the Seventh Circuit observed that a motion for reconsideration performs a valuable function where:

> the Court has patently misunderstood a party, or has made a decision outside the

adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion for reconsideration would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990) (quoting, *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983)). *Bank of Waunakee* arguably adds grist to the court's discretionary mill in considering a Rule 59(e) motion. However, it remains true that "motions to reconsider are not at the disposal of parties who want to 'rehash' old arguments," *In re Oil Spill by "Amoco Cadiz"*, 794 F.Supp. 261, 267 (N.D.Ill.1992), *aff'd*, 4 F.3d 997, 1993 WL 360955 (7th Cir.1993), and such motions are not appropriate vehicles for introducing evidence that could have been produced prior to the entry of judgment or for tendering new legal theories for the first time. *Publisher's Resource*, 762 F.2d at 561.

In addition to these well-established standards, this Court has unfortunately had to address numerous ill-considered motions to reconsider, for example: *MCI Telecommunications Corp. v. Ameri-Tel, Inc.*, 1994 WL 405945 (N.D.Ill.1994); *Williams v. Katz*, 1994 WL 405923 (N.D.Ill.1994); *Fidelity Mut. Life Ins. Co. v. Chicago Title and Trust Co. of Chicago*, 1994 WL 571903 (N.D.Ill. 1994); *Wagner v. Nutrasweet Co.*, 873 F.Supp. 87 (N.D.Ill.1994); *Sather v. Neiman Marcus Group, Inc.*, 1995 WL 9193 (N.D.Ill. 1995); *Arenson v. Whitehall Convalescent and Nursing Home, Inc.*, 161 F.R.D. 355 (N.D.Ill.1995). As the above standards indicate, however, these motions should not be filed as a matter of routine by the party who has been adversely impacted by a court's ruling. This Court, just like the National Football League ("NFL"), has done away with the concept of "instant replay." This Court, just like all other courts, works diligently and strives carefully to issue its best opinion while deciding any motion. Unless the parties can convince this Court that the standards described above have been met

(*i.e.*, to correct "manifest errors of law or to present newly discovered evidence"), this Court strongly believes that the parties' energies can be better served by pursuing their rearguments at the proper time on appeal. Filing a motion to reconsider should not be a "Pavlovian Response" to an adverse ruling.

## ANALYSIS

The standards for reconsideration are not met in this case because Jefferson simply rehashes the arguments presented in her earlier motion. However, for the sake of clarity, the Court will address Jefferson's primary objections to the Court's ruling.

■ Jefferson's first claim is that the Supreme Court's decision in *Califano v. Yamasaki*, 442 U.S. 682, 99 S.Ct. 2545, 61 L.Ed.2d 176 (1979), requires certification under rule 23 in any civil action unless there is an "express limitation of class relief." *Id.* at 700, 99 S.Ct. at 2557. Jefferson maintains that Section 1635(b) does not contain such a limitation and therefore certification should be granted in this case.

Although *Califano* holds that Rule 23 applies to any civil action unless there is an "express limitation of class relief," the case still requires a plaintiff seeking certification to meet all the requirements of Rule 23. Jefferson has not only failed to satisfy the predominance requirement of Rule 23(b)(3), but Section 1635(b) also operates as a condition precedent to class relief—a condition which "limits" the potential class members' ability to obtain standing to sue under the allegations raised in the class complaint.

■ Jefferson's predominance argument under *Mount v. LaSalle Bank Lake View*, 1994 WL 731006 (N.D.Ill.1994), is unavailing. Jefferson claims that *Mount* may have been overlooked because the Court did not cite the case in its Opinion. The Court did not overlook *Mount;* it simply found *Mount* unhelpful to a decision in this case. To satisfy Jefferson, the Court will now distinguish *Mount* from *Elliott*—a case the Court did find helpful in its analysis of the certification issue. In *Mount v. LaSalle Bank Lake View,* the Magistrate Judge granted certification to a class seeking rescission under

Rule 23(b)(2). In her Report and Recommendation, the Magistrate Judge reasoned that certification was appropriate because the proposed class in *Mount* was "much smaller" than the one in *Elliott,* and therefore not only more "manageable," but also more appropriate for certification, because "[d]eclaratory or injunctive relief" would have a much greater "impact" on the smaller class in *Mount.*

Jefferson chooses to assert her claim under Rule 23(b)(3), which requires her to show that "common questions of law or fact predominate" among the class claims. Ultimately, the predominance question under Rule 23(b)(3) boils down to issues of manageability. *Elliott v. ITT Corp.,* 150 F.R.D. 569, 577 (N.D.Ill.1992). This Court did not find *Mount* persuasive on the Rule 23(b)(3) issue, primarily because that issue was not raised. In *Mount,* the Magistrate Judge simply found that a class seeking rescission which consisted of a class numbered in the low thousands was manageable. 1994 WL 731006, *9. The Magistrate Judge did not discuss *James, Tower* or *Nelson,* as she did previously in *Elliott,* nor did she analyze why rescission was an appropriate remedy for a class under Section 1635(b). *Id.* Without an underlying rationale, we find that *Mount* fails to provide sound authority for ruling in Jefferson's favor.

The issue of manageability in a class action is not simply a numbers game; manageability also involves issues of enforcement. Under Section 1635(b), a borrower must request rescission from the creditor and wait twenty (20) days before filing a complaint in federal court. Section 1635(b), and the case law interpreting it, cut strongly in favor of treating rescission as a purely personal remedy which a borrower must request from the lender before he or she has standing to sue. *See James v. Home Construction Co.,* 621 F.2d 727 (5th Cir.1980); *Tower v. Moss,* 625 F.2d 1161, 1163–64 (5th Cir.1980). *See generally Elliott v. ITT Corp.,* 150 F.R.D. 569 (N.D.Ill.1992). Under Rule 23(b)(3), the Court must determine that common questions, rather than individual issues, will predominate. This Court initially found—and finds again now—that the notice and waiting period prescribed by Section 1635(b) must be satisfied before this Court can conclude that a class member has standing. *See generally Highsmith v. Chrysler Credit Corp.,* 18 F.3d 434, 436–37 (7th Cir.1994). These individual issues of standing ultimately preclude certification in this case, because the "availability and enforcement of the rescission remedy, 'declaratory' or not, requires factual findings too numerous to manage as a class action." *See* 161 F.R.D. at 69 (citing *Elliott v. ITT Corp.,* 150 F.R.D. 569, 569 (N.D.Ill.1992)).

■ Finally, Jefferson argues that the service of a complaint satisfies Section 1635(b)'s notice requirement (i.e., that a claimant first present the claim for rescission to the lender by "means of written communication"). This argument is meritless. Section 1635(b) requires the claimant to present a claim for rescission to the lender to give the lender twenty days to grant the request before a federal lawsuit is filed. The filing of a complaint initiates the lawsuit which Section 1635(b) is expressly intended to defer.

## CONCLUSION

The Clerk of the Court is therefore directed to deny Jefferson's Motion for Reconsideration. Security Pacific's response to Jefferson's Motion for Partial Summary Judgment is due on July 14, 1995. Jefferson's Reply is due on July 28, 1995. This case will be set for a status on August 22, 1995, at 9:00 a.m., to discuss further proceedings in this case.