Beth Ann MEEKISON, Plaintiff,

v.

OHIO DEPARTMENT OF REHABILITATION AND CORRECTION, Defendant.

No. 96 CV 00931.

United States District Court,
S.D. Ohio,
Eastern Division.

Oct. 8, 1998.

Robert Karl Handelman, Handelman & Kilroy, Columbus, OH, for Plaintiff.

Joseph Norbert Rosenthal, Jack Wilson Decker, Noelle T. Tsevdos, Ohio Attorney General, Employment Law Section, Columbus, OH, for Defendants.

### OPINION AND ORDER

MARBLEY, District Judge.

This matter is before the Court on Defendant Ohio Department of Rehabilitation and Correction's ("ODRC") Motion for Reconsideration. Defendant has asked that this Court reconsider its ruling on Defendants'

Motion for Summary Judgment, as set forth in the Court's August 21, 1998, Opinion and Order, in light of the Sixth Circuit's ruling in *Brickers v. Cleveland Board of Education,* 145 F.3d 846 (6th Cir.1998). For the reasons set forth below, the Court hereby **DENIES** Defendant's Motion for Reconsideration.

 As a general principle, motions for reconsideration are looked upon with disfavor unless the moving party demonstrates: (1) a manifest error of law; (2) newly discovered evidence which was not available previously to the parties; or (3) intervening authority. *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). It is the last of these grounds upon which Defendant ODRC apparently relies in filing the present motion. The Court notes, however, that Defendant filed the *Brickers* decision as supplemental authority on August 3, 1998, well before the Court issued its final Opinion and Order on Defendants' Motion for Summary Judgment. In arriving at its decision, the Court was well aware of the *Brickers* decision.

 Defendant's "new" arguments amount to little more than a disagreement with the Court's decision, and advises the Court that it should—based on the same law, cases and arguments previously cited— change its mind. A motion predicated on such a tenuous legal basis is a waste of judicial resources. Neither the passage of time, during which the legal landscape did not change, nor a different spin on the same arguments, is a proper basis for a motion for reconsideration. Defendant's latest round of arguments is more appropriately reserved for appellate review, where Defendant can raise anew, to a different judicial tribunal, its unavailing arguments. *See Todd Shipyards v. Auto Transp.,* 763 F.2d 745, 750 (5th Cir. 1985). As one Court has stated, mere dissatisfaction with a Court's ruling is an inappropriate and insufficient ground to support a motion for reconsideration:

> As the above standards indicate, . . . these motions should not be filed as a matter of routine by the party who has been adversely impacted by a court's ruling. This Court, just like the National Football League ("NFL"), has done away with the concept of "instant replay." This Court, just like all other courts, works diligently and strives carefully to issue its best opinion while deciding any motion. Unless the parties can convince this Court that the standards described above have been met (i.e., to correct "manifest errors of law or to present newly discovered evidence"), this Court strongly believes that the parties energies can be better served by pursing their rearguments at the proper time on appeal. Filing a motion to reconsider should not be a 'Pavlovian Response' to an adverse ruling.

*Jefferson v. Security Pac. Fin. Services, Inc.,* 162 F.R.D. 123, 125 (N.D.Ill.1995).

Having said that, the Court finds that Defendant's reliance on *Brickers* is inapposite, as *Brickers* is distinguishable from the present case. In *Brickers,* the Sixth Circuit affirmed the district court's determination that the plaintiff failed to establish a *prima facie* of discrimination under the ADA. As Defendant ODRC correctly points out, the Sixth Circuit affirmed the lower court's finding that the plaintiff in *Brickers* was not a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12111(8) because she was unable to perform an essential function of her job as defined by the Ohio Administrative Codes. *Brickers,* 145 F.3d at 849–50.

The case at bar is materially different from *Brickers.* Unlike *Brickers,* there is evidence in the present case that Plaintiff has been registered with the Ohio Board of Psychology as a Psychology Assistant since 1992, almost two (2) years prior to her application for employment with Defendant ODRC. *See* Plaintiff's Memorandum in Opposition to Defendants' Motion for Summary Judgment, Ex. F. Thus, the Court is faced with a situation where the agency responsible for promulgating and administering the regulations upon which Defendant ODRC relies, the Ohio Board of Psychology, has found that Plaintiff met the minimum requirements to be registered as a Psychology Assistant—a position directly at odds with Defendant ODRC's contention that Plaintiff did not meet the Ohio Board of Psychology's requirements to register as a Psychology Assistant. Put another

way, in the words of Defendants ODRC's Reply Memorandum, Plaintiff has adduced sufficient evidence to address the "first inquiry" in this case—Plaintiff has demonstrated that, according to the Ohio Board of Psychology,[1] she was legally qualified to serve as a Psychology Assistant for ODRC. Thus, Defendant ODRC's primary ground for reconsideration fails.

Also, Plaintiff's evidence that she was recognized by the Ohio Board of Psychology as a Psychology Assistant demonstrates that a genuine issue of material fact exists with respect to the credibility of Defendant ODRC's proffered legitimate non-discriminatory reason for terminating Plaintiff's employment. Thus, Plaintiff has managed to carry her burden with respect to demonstrating that a genuine issue of fact exists with respect to the pretextual nature of Defendant ODRC's legitimate non-discriminatory reason for her discharge.

Finally, the Court notes that the language found in footnote 1 of Defendant ODRC's Reply Memorandum comes perilously close to exceeding the boundaries of zealous advocacy. In that footnote, Defendant ODRC, through its counsel, characterizes this Court's interpretation of ODRC's job posting and requirements as "indefensible." This Court first reminds defense counsel that the federal judiciary is not required to "defend" its decisions and interpretations of the law. As Chief Justice Marshall noted, "[i]t is emphatically the province and duty of the judicial department to say what the law is." *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137, 177, 2 L.Ed. 60 (1803). Indeed, "[o]nce a judge has ruled, the recourse of a zealous advocate lies in challenging the legality of that ruling on appeal, not in denigrating the wisdom … of the court." *U.S. v. Dowdy*, 960 F.2d 78, 81 (8th Cir.1992).

The Court finds that Defendant ODRC's argument that Plaintiff has not demonstrated that she possessed "alternative, equivalent evidence of minimum qualifications" fails for the same reasons set forth above.

Given Plaintiff's evidence that she has been registered as a Psychology Assistant with the Ohio Board of Psychology since 1992, the Court's decision that Plaintiff has demonstrated "equivalence" is "clear[ly] and unequivocal[ly]" *consistent* with the legal requirements for the job. *See* Defendant's Reply Memorandum, pp. 2–3 n. 1.

For the foregoing reasons, the Court hereby **DENIES** Defendant Ohio Department of Rehabilitation and Correction's Motion for Reconsideration.

**IT IS SO ORDERED.**

1. The Court notes that Defendant ODRC has maintained all along that it is bound by the determinations of the Ohio Board of Psychology. Thus, Defendant ODRC's argument that this Court's ruling is contrary to the requirements of the Ohio Board of Psychology is disingenuous and legally incorrect.